STATE v. GAYMON.

1. PERSONAL KNOWLEDGE OF JUROR.—On a trial for perjury, the trial judge committed no error in charging the jury that they must not allow their personal knowledge of defendant's mental condition to enter into their judgment in arriving at their verdict—such condition being a material fact in issue.

2. CASE CRITICISED.—This case distinguished from McKain *v.* Love, 2 Hill, 506.

Before NORTON, J., Clarendon, June, 1894.

Indictment against J. B. Gaymon, for perjury. From a conviction and sentence, defendant appealed on the following grounds:

I. That his honor, the presiding judge, erred in overruling defendant's motion for a new trial, based on alleged error of his honor in charging the jury, in substance, that they could not communicate to one another facts known by any of them, but not brought out on the witness stand, going to show that the defendant was not of sound mind or memory, at the time the offence is said to have been committed; and in charging the jury, to wit: "I charge you that you have no right to make communications to one another, of a fact bearing upon the case, either in regard to the competency of the defendant or any other fact. * * * You can't, if you knew the defendant to be perfectly sane at that moment, or if you knew him not to be perfectly sane at that time, you can't tell the other jurors so, in the jury room, nor you can't, if you knew him to be a man who had no memory, or had knowledge of right and

wrong, you can't say so in the jury room, except what you saw upon the stand." II. That his honor erred in overruling defendant's motion for a new trial, based on alleged error in charging the jury, in substance, that they could not let their personal knowledge of the defendant, or of any fact other than what was proven on the stand, enter into their judgment, save their personal knowledge of the character of the witnesses; and in charging the jury as follows: "You are not governed by personal knowledge, but by the testimony adduced on the stand."

*Mr. M. C. Galluchat,* for appellant.

*Mr. Jos. F. Rhame,* acting solicitor, contra.

June 27, 1895.    The opinion of the court was delivered by

MR. JUSTICE GARY.    The defendant was convicted of perjury at the June, 1894, term of the Court of General Sessions for Clarendon County, and thereon made a motion before the presiding judge for a new trial, which was refused.    He was then sentenced to one year at hard labor in the State penitentiary.    The appeal to this court is based upon two exceptions, which will be incorporated in the report of the case, and raise the single point, whether his honor, Judge Norton, erred in charging the jury that they must not allow their personal knowledge of defendant's *mental condition* to enter into their judgment in arriving at a verdict.

The question as to the mental condition of the defendant was not a collateral circumstance, but a material fact in issue, upon which the jury was called upon to pass.    Under these circumstances, it would be extremely dangerous to allow the jury to find a verdict upon facts first communicated to them by jurors in the jury room.    Such a verdict would be contrary to that part of their oath where they swear to give a true verdict according to the evidence.    The practice for which the appellant contends, would deprive a party to the cause of the very important right of cross-examination.    This is not a case involving the right of a juror to state facts in the jury room, touching the credibility of a witness, as was the

2    case of *McKain* v. *Love*, 2 Hill, 506, in which the dis-
tinction herein stated was pointed out by the court, which
used the following language: "The oath usually administered
to the jurors in the common pleas, well and truly to try the issue
joined between the parties 'and a true verdict give according
to the evidence,' contains a very correct summary of the law
on this subject. The jury are bound to give their verdict ac-
cording to the evidence, and what is or is not competent evi-
dence, belongs to the court, and not to the jury, to determine.
Generally speaking, therefore, a verdict founded on facts first
disclosed in the jury room would be bad, although the facts are
known to one of the jury; because it is unfair not to give the
party against whom they operate an opportunity of repelling
or explaining them. In an anonymous case in Salk., 405, p. 3,
it is said, that if a juror know, of his own knowledge, any
thing material to the matter in issue, the fair way is to tell the
court, so that he may be sworn as a witness." See, also, *State*
v. *Jones*, 29 S. C., 201.

It is the judgment of this court, that the judgment of the
court below be affirmed.